FILED
2012 Aug-03  AM 10:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA

|  |  |  |
|---|---|---|
| **MORGAN KEEGAN & COMPANY, INC.,** | ) ) ) | |
| **Petitioner,** | ) ) | |
| **v.** | ) | **CIVIL ACTION NO.** |
| **MUNICIPAL WORKERS COMPENSATION FUND, INC.** | ) ) ) | |
| **Respondent.** | ) ) | |

### PETITION FOR CONFIRMATION OF
### ARBITRATION AWARD AND FOR FINAL JUDGMENT

Petitioner MORGAN KEEGAN & COMPANY, INC. ("Morgan Keegan"), pursuant to the Federal Arbitration Act, 9 U.S.C. § 9, hereby seeks an Order confirming the arbitration award (the "Award"), which Morgan Keegan received on August 1, 2012 in the matter of *Municipal Workers Compensation Fund, Inc. v. Morgan Keegan & Co., Inc., et al.*, FINRA Dispute Resolution No. 09-03120 (the "Arbitration"), and entering a final judgment on the grounds set forth below.

### Parties, Jurisdiction, and Venue

1.  Morgan Keegan is a Tennessee corporation with its principal place of business in Memphis, Tennessee.

2.  Municipal Workers Compensation Fund, Inc. ("MWCF") is an Alabama corporation with its principal place of business in Montgomery, Alabama.

3.      Jurisdiction in this court is proper under 28 U.S.C. § 1332(a) because Morgan Keegan and MWCF are citizens of different states, and because the matter in controversy exceeds $75,000, exclusive of interest and costs.

4.      Venue in this court is proper under 9 U.S.C. § 9 because the Award was made in Birmingham, Alabama, within this District, based upon an arbitration that took place in Birmingham, Alabama.

5.      Venue in this court is also proper under 9 U.S.C. § 9 because the parties to the arbitration signed Uniform Submission Agreements, which provided, "The parties agree to abide by and perform any award(s) rendered pursuant to this Submission Agreement.  The parties further agree that a judgment and any interest due thereon, may be entered upon such award(s) and, for these purposes, the parties hereby voluntarily consent to submit to the jurisdiction of any court of competent jurisdiction which may properly enter such judgment."

### The Arbitration

6.      On or about May 28, 2009, MWCF filed a Statement of Claim initiating the Arbitration before the Financial Industry Regulatory Authority ("FINRA").

7.      From June 4 through June 19, 2012, a final hearing was held in the Arbitration in Birmingham, Alabama.  At the hearing, MWCF sought damages in excess of $30 million.

2

8.     On August 1, 2012, the arbitration panel entered the Award, denying all of MWCF's claims, and dismissing the claims with prejudice.  The Award is attached hereto as **Exhibit 1**.

9.     This Motion is filed within one year after the Award was made and within one year after the Award was entered.

10.     Pursuant to the Federal Arbitration Act, 9 U.S.C. § 9, Morgan Keegan is entitled to confirmation of the Award.

11.     No party has sought to vacate, modify, or correct the Award.

**WHEREFORE**, Petitioner Morgan Keegan requests that the Award be confirmed and that a judgment be entered, and for such other and further relief as this Court may deem just, proper, and equitable, along with the costs and disbursements of this proceeding.

Respectfully submitted,

Peter S. Fruin
Donald F. Winningham III

ATTORNEYS FOR PETITIONER
MORGAN KEEGAN & COMPANY, INC.

3

OF COUNSEL:

**MAYNARD, COOPER & GALE, P.C.**
1901 Sixth Avenue, Suite 2400
Regions/Harbert Plaza
Birmingham, Alabama 35203
(205) 254-1000
(205) 254-1999 (FAX)
pfruin@maynardcooper.com
dwinningham@maynardcooper.com

George D. Sullivan
**GREENBERG TRAURIG, LLP**
200 Park Avenue
New York, NY 10166
(212) 801-9200
(212) 801-6400 (FAX)
sullivang@gtlaw.com

## CERTIFICATE OF SERVICE

Respondent will be served personally at the following address:

Municipal Workers Compensation Fund, Inc.
535 Adams Avenue
Montgomery, AL 36104

OF COUNSEL

4

# EXHIBIT
# 1

**FINRA Dispute Resolution**
**Southeast Processing Center**
**Boca Center Tower 1**
**5200 Town Center Circle**
**Boca Raton, FL 33486**
**Email:FL-Main@finra.org**
**Phone: 561-416-0277**
**Fax: 301-527-4868**



Number of Pages including the Cover Sheet: _____

Date: 08/01/2012

Case Number:09-03120

Case Name:   Municipal Workers Compensation Fund, Inc. vs. Morgan Keegan & Company, Inc., and
             Morgan Asset Management, Inc.

To:          George D. Sullivan

             Phone: 212-801-9200  Fax: 212-801-6400

From:        William Cassidy
             Senior Case Administrator

Message:

This facsimile transmission is intended only for the addressee(s) shown above. It may contain information that is privileged,
confidential, or otherwise protected from disclosure. Any review, dissemination or use of this transmission or its contents by
persons other than addressee is strictly prohibited. If you have received this transmission in error, please notify us
immediately by telephone at the above number.

# FINra

**Financial Industry Regulatory Authority**

VIA FACSIMILE AND MAIL

August 1, 2012

George D. Sullivan, Esq.
Greenberg Traurig, LLP
200 Park Avenue
New York, NY 10166

Subject:   FINRA Dispute Resolution Arbitration Number 09-03120
Municipal Workers Compensation Fund, Inc. vs. Morgan Keegan & Company, Inc.,
and Morgan Asset Management, Inc.

Dear Mr. Sullivan:

Enclosed please find the decision reached by the arbitrator(s) in the above-referenced matter.

## Responsibility to Pay Monetary Award

FINRA rules provide that all monetary awards shall be paid within 30 days of receipt unless a motion to vacate has been filed with a court of competent jurisdiction. An award shall bear interest from the date of the award:

- If not paid within 30 days of receipt;
- If the award is the subject of a motion to vacate which is denied; or
- As specified by the panel in the award.

Interest shall be assessed at the legal rate, if any, then prevailing in the state where the award was rendered, or at a rate set by the arbitrator(s).

## Expedited Suspension Proceedings for Non-Payment of Awards

Article VI, Section 3 of the FINRA By-Laws and FINRA Rule 9554 permit FINRA to suspend or cancel the registration of any firm or associated person that fails to comply with a FINRA arbitration award.

Firms are required to notify FINRA in writing within 30 days of receipt of an award that they or their associated persons have paid or otherwise complied with the award, or to identify a valid basis for non-payment. We also request that prevailing claimants notify us in writing when their awards have not been paid within 30 days of receipt of the award.

Written notification concerning award compliance or lack thereof should be directed to:

Investor protection. Market integrity.       Dispute Resolution         Boca Center Tower 1          t  561 416 0277
                                              Southeast Regional Office  5200 Town Center Circle      f  301 527 4868
                                                                         Suite 200                    www.finra.org
                                                                         Boca Raton, FL
                                                                         33486-1015

David Carey
FINRA Dispute Resolution
One Liberty Plaza, 165 Broadway, 52nd Floor
New York, NY 10006
212-858-4333 (tel) | 301-527-4706 (fax) | david.carey@finra.org (email)

## Right to File Motion to Vacate Award

FINRA rules provide that, unless the applicable law directs otherwise, all awards rendered are
final and are not subject to review or appeal. Accordingly, FINRA has no authority to vacate this
award. Any party wishing to challenge the award must make a motion to vacate the award in a
federal or state court of appropriate jurisdiction pursuant to the Federal Arbitration Act, 9 U.S.C. §
10, or applicable state statute. There are limited grounds for vacating an arbitration award, and a
party must bring a motion to vacate within the time period specified by the applicable statute. If
you are not represented by counsel and wish to challenge the award, we urge you to seek legal
advice regarding any rights or remedies available to you.

## Forum Fees

You will receive under separate cover an invoice that reflects the fees assessed and any
outstanding balance or refund due. Fees are due and payable to FINRA Dispute Resolution
upon receipt of the invoice and should be sent to the address specified on the invoice. Any
applicable refunds will also be sent under separate cover approximately 45 days after the case
closes. All questions regarding payment of fees and refunds should be directed to FINRA
Finance at (240) 386-5910.

## Arbitrator Evaluation

FINRA encourages parties to complete Arbitrator Evaluation Forms at the conclusion of every
case. We will utilize your comments in our ongoing efforts to evaluate and improve the services
our forum provides. You can complete the Arbitrator Evaluation Form on our website at
www.finra.org/arbevaluation.

## Party Submissions to Arbitrators After a Case Closes

FINRA rules provide that parties may not submit documents to arbitrators in cases that have
been closed except under the following limited circumstances: 1) as ordered by a court; 2)
at the request of any party within 10 days of service of an award, for typographical or
computational errors, or mistakes in the description of any person or property referred to in
the award; or 3) if all parties agree and submit documents within 10 days of service of an
award. Any documents, if submitted, must be sent through FINRA.

## Questions Concerning Award

Should you have any questions, please contact me at the phone number or email address provided below. Parties should not directly contact arbitrators under any circumstances.

Very truly yours,

*William Cassidy / LMM*

William J. Cassidy
Senior Case Administrator
Phone:   561-416-0277
Fax:       301-527-4868
FL-Main@finra.org


WJC:lmm:LC09A
idr: 09/14/2011


RECIPIENTS:

 Peter Mougey, Esq., Municipal Workers Compensation Fund Inc.
 Levin, Papantonio, P.A., 316 S. Baylen Street, Suite 600, Pensacola, FL 32502

 S. Lawrence Polk, Esq., Morgan Asset Management, Inc.
 Sutherland Asbill & Brennan, 999 Peachtree Street, NE, Atlanta, GA 30309-3996

 George D. Sullivan, Esq., Morgan Keegan & Company, Inc.
 Greenberg Traurig, LLP, 200 Park Avenue, New York, NY 10166

**Award**
**FINRA Dispute Resolution**

In the Matter of the Arbitration Between:

Claimant                                    Case Number: 09-03120
Municipal Workers Compensation Fund, Inc.

    vs.

Respondents                                 Hearing Site: Birmingham, Alabama
Morgan Asset Management, Inc.
Morgan Keegan & Company, Inc.

Nature of the Dispute:  Customer vs. Member and Non-Member

## REPRESENTATION OF PARTIES

For Claimant Municipal Workers Compensation Fund, Inc.: Peter Mougey, Esq., Levin, Papantonio, P.A., Pensacola, Florida and Page Poerschke, Esq. and Laura Dunning, Esq., Haskell Slaughter Young & Rediker, LLC, Birmingham, AL.

For Respondent Morgan Asset Management, Inc. (Morgan Asset Management): S. Lawrence Polk, Esq. and Aaron S. Furniss, Esq., Sutherland Asbill & Brennan, Atlanta, Georgia.

For Respondent Morgan Keegan & Company, Inc. (Morgan Keegan): George D. Sullivan, Esq. and Terry R. Weiss, Esq., Greenberg Traurig, LLP, Atlanta, Georgia.

## CASE INFORMATION

Statement of Claim filed on or about: May 29, 2009.
Municipal Workers Compensation Fund, Inc. signed the Submission Agreement: July 17, 2009.

Statement of Answer filed by Respondent Morgan Asset Management on or about: November 9, 2009.
Morgan Asset Management, Inc. signed the Submission Agreement: September 14, 2009.

Statement of Answer filed by Respondent Morgan Keegan on or about: November 9, 2009.
Morgan Keegan & Company, Inc. signed the Submission Agreement: August 24, 2009.

Respondent Morgan Keegan's Motion to Exclude Evidence of Improper Derivative and Related Misrepresentation Claims filed on or about: November 10, 2011.

FINRA Dispute Resolution
Arbitration No. 09-03120
Award Page 2 of 7

Claimant's Opposition to Morgan Keegan's Motion in Limine filed on or about:
November 21, 2011.

Motion to Exclude Evidence of Regulatory Actions and Regulatory Settlements filed by
Respondent Morgan Keegan on or about: November 10, 2011.
Claimant's Opposition to Morgan Keegan's Motion in Limine filed on or about:
November 21, 2011.

## CASE SUMMARY

Claimant asserted the following causes of action: breach of fiduciary duty; violation of
NASD and NSYE Rules; breach of contract; negligence; fraud; and, violations of the
Alabama Securities Act. The causes of action relate to Claimant's investments in the
RMK Select Intermediate Bond Fund, RMK High Income Fund, RMK Advantage Income
Fund, RMK Multi-Sector Income Fund, and RMK Strategic Income Fund.

Unless specifically admitted in their respective Answers, Respondents Morgan Keegan
and Morgan Asset Management (Respondents) denied the allegations made in the
Statement of Claim and asserted various affirmative defenses.

## RELIEF REQUESTED

In the Statement of Claim, Claimant requested compensatory damages in excess of
$15,000,000.00, interest, costs, legal fees, punitive damages, and such other and
additional damages and relief as may be shown at hearing and which the undersigned
arbitrators (Panel) deemed just and equitable.

At the close of the hearing, Claimant requested compensatory damages of
$31,000,000.00.

Respondent Morgan Keegan requested dismissal of the Statement of Claim, that all
costs and assessments by FINRA be borne by Claimant and that Morgan Keegan be
awarded its preparation costs, travel expenses, expert witness fees and such other
further and general relief to which it may be entitled.

Respondent Morgan Asset Management requested dismissal of the Statement of Claim,
that all costs and assessments by FINRA be borne by Claimant and that Morgan Asset
Management be awarded its preparation costs, travel expenses, expert witness fees
and such other further and general relief to which it may be entitled.

## OTHER ISSUES CONSIDERED AND DECIDED

The Arbitrators acknowledge that they have each read the pleadings and other
materials filed by the parties.

In its Motion to Exclude Evidence of Improper Derivative and Related Misrepresentation
Claims, Respondent Morgan Keegan asserted, among other things, the following: a
federal district court recently vacated an arbitration award involving the RMK funds
because the claims were derivative; the Alabama Supreme Court has repeatedly held

that these claims involving the RMK funds are derivative; and, Claimant has no claim based on the RMK funds' offering and other disclosure materials. In its Opposition, Claimant asserted, among other things, the following: Respondent Morgan Keegan's motion is a disguised motion to dismiss which is procedurally improper because it was brought fewer than 60 days before the final hearing; Respondent Morgan Keegan's argument that Claimant's claims are shareholder derivative claims is false; Claimant's claims are direct claims against Claimant's financial advisors, Respondents Morgan Keegan and Morgan Asset Management; the facts relating to the funds' investments are relevant to Claimant's allegations and should not be excluded; and, Morgan Keegan's effort to exclude evidence invites the Panel to commit reversible error under the Federal Arbitration Act.

In its Motion to Exclude Evidence of Regulatory Actions and Regulatory Settlements, Respondent Morgan Keegan asserted, among other things, the following: the regulatory settlements do not exempt Claimant from its duty to prove its allegations, nor do they take away Respondent Morgan Keegan's right to a fair hearing and to defend itself; mere allegations of wrongdoing are inadmissible and do not assist the trier of fact; the regulatory actions and regulatory settlements are irrelevant and should be excluded under concepts of fairness and the rules of evidence; Claimant is held to a higher standard of proof than the regulators and may not use the regulatory matters as an excuse that the bar should be lowered; and, introduction of the regulatory matters will unfairly prejudice Respondents Morgan Keegan and Morgan Asset Management, will confuse the issues and unnecessarily extend the proceedings. In its Opposition, Claimant asserted, among other things, the following: the regulatory orders are presumptively discoverable; the regulatory findings are very similar to many of the allegations made by Claimant; the evidence developed by the regulators revealed numerous internal problems and concerns that should have been disclosed to Claimant and is, therefore, relevant and admissible under FINRA rules; many courts have held that findings of fact and conclusions of law in an SEC consent order are admissible; and, the regulatory documents here would be admissible in court as public records and reports so the Panel should not presumptively disclaim any ability to at least consider them.

On or about May 1, 2012, the Panel issued an order which denied Respondent Morgan Keegan's Motion to Exclude Evidence of Improper Derivative and Related Misrepresentation Claims and Respondent Morgan Keegan's Motion to Exclude Evidence of Regulatory Actions and Regulatory Settlements.

Respondent Morgan Asset Management is not a FINRA member firm. Therefore, Respondent Morgan Asset Management's submission to FINRA jurisdiction was on a voluntary basis. Respondent Morgan Asset Management voluntarily submitted to FINRA jurisdiction having filed a Submission Agreement, answered the claim, and appeared and testified at the hearing. Accordingly, Respondent Morgan Asset Management is bound by the determination of the Panel on all issues submitted.

During the evidentiary hearing, Respondents moved for directed verdict on some of Claimant's allegations including damages based on "well managed account." Claimant opposed the motion. The Panel denied the motion subject to receipt of further evidence.

FINRA Dispute Resolution
Arbitration No. 09-03120
<u>Award Page 4 of 7</u>

The parties have agreed that the Award in this matter may be executed in counterpart copies or that a handwritten, signed Award may be entered.

## AWARD

After considering the pleadings, the testimony and evidence presented at the hearing, and the post-hearing submissions (if any), the Panel has decided in full and final resolution of the issues submitted for determination as follows:

Claimant's claims are denied in their entirety, with prejudice.

Any and all relief not specifically addressed herein, including Claimant's requests for punitive damages and attorneys' fees, is denied.

## FEES

Pursuant to the Code of Arbitration Procedure, the following fees are assessed:

**Filing Fees**
FINRA Dispute Resolution assessed a filing fee* for each claim:
    Initial Claim Filing fee                              =$ 1,800.00

*The filing fee is made up of a non-refundable and a refundable portion.*

**Member Fees**
Member fees are assessed to each member firm that is a party in these proceedings or to the member firm(s) that employed the associated person(s) at the time of the event(s) giving rise to the dispute. Accordingly, as a party, Respondent Morgan Keegan is assessed the following:

| | |
|---|---|
| Member Surcharge | =$ 3,750.00 |
| Pre-Hearing Processing Fee | =$ 750.00 |
| Hearing Processing Fee | =$ 5,500.00 |

**Adjournment Fees**
Adjournments granted during these proceedings for which fees were assessed:

March 29, 2011 – April 8, 2011, joint adjournment request      = $ 1,200.00

The Panel has assessed $600.00 of the adjournment fees to Claimant.

The Panel has assessed $600.00 of the adjournment fees jointly and severally to Respondents.

March 12, 2012 – April 6, 2012, joint adjournment request      = $ 1,200.00

The Panel has assessed $600.00 of the adjournment fees to Claimant.

The Panel has assessed $600.00 of the adjournment fees jointly and severally to Respondents.

FINRA Dispute Resolution
Arbitration No. 09-03120
Award Page 5 of 7

May 8-11, 2012, adjournment request by Respondent Morgan Keegan. The Panel has waived assessment of the adjournment fee.

### Three-Day Cancellation Fees
Fees apply when a hearing on the merits is postponed or settled within three business days before the start of a scheduled hearing session:

May 8-11, 2012, adjournment request by Respondent Morgan Keegan. The Panel has waived assessment of the three-day cancellation fees.

### Discovery-Related Motion Fees
Fees apply for each decision rendered on a discovery-related motion.

| | |
|---|---|
| One (1) Decision on a discovery-related motion on the papers with one (1) arbitrator @ $200.00 Respondent submitted one (1) discovery-related motion | = $ 200.00 |
| Total Discovery-Related Motion Fees | = $ 200.00 |

The Panel has assessed $100.00 of the discovery-related motion fee to Claimant.

The Panel has assessed $100.00 of the discovery-related motion fee jointly and severally to Respondents.

### Hearing Session Fees and Assessments
The Panel has assessed hearing session fees for each session conducted. A session is any meeting between the parties and the arbitrator(s), including a pre-hearing conference with the arbitrator(s), that lasts four (4) hours or less. Fees associated with these proceedings are:

| | | | |
|---|---|---|---|
| One (1) Pre-hearing session with a single arbitrator @ $450.00/session | | | = $ 450.00 |
| Pre-hearing conference: | January 18, 2011 | 1 session | |

| | | | |
|---|---|---|---|
| Five (5) Pre-hearing sessions with the Panel @ $1,200.00/session | | | = $ 6,000.00 |
| Pre-hearing conferences: | January 11, 2010 | 1 session | |
| | November 4, 2011 | 1 session | |
| | May 1, 2012 | 1 session | |
| | May 4, 2012 | 1 session | |
| | May 22, 2012 | 1 session | |

| | | | |
|---|---|---|---|
| Thirty-one (31) Hearing sessions @ $1,200.00/session | | | =$37,200.00 |
| Hearing Dates: | June 4, 2012 | 2 sessions | |
| | June 5, 2012 | 2 sessions | |
| | June 6, 2012 | 2 sessions | |
| | June 7, 2012 | 2 sessions | |
| | June 8, 2012 | 3 sessions | |
| | June 9, 2012 | 1 session | |
| | June 11, 2012 | 3 sessions | |

FINRA Dispute Resolution
Arbitration No.  09-03120
Award Page 6 of 7

| | |
|---|---|
| June 12, 2012 | 3 sessions |
| June 13, 2012 | 3 sessions |
| June 14, 2012 | 2 sessions |
| June 15, 2012 | 3 sessions |
| June 18, 2012 | 2 sessions |
| June 19, 2012 | 3 sessions |

Total Hearing Session Fees                                                   =$43,650.00

The Panel has assessed $21,825.00 of the hearing session fees to Claimant.

The Panel has assessed $21,825.00 of the hearing session fees jointly and severally to
Respondents.

All balances are payable to FINRA Dispute Resolution and are due upon receipt.

FINRA Dispute Resolution
Arbitration No. 09-03120
<u>Award Page 7 of 7</u>

## **ARBITRATION PANEL**

| | | |
|---|---|---|
| William F. Julavits | - | Public Arbitrator, Presiding Chairperson |
| Patricia A. DeWitt | - | Public Arbitrator |
| Eric Howard Kunis | - | Non-Public Arbitrator |

I, the undersigned Arbitrator, do hereby affirm that I am the individual described herein and who executed this instrument which is my award.

### **Concurring Arbitrators' Signatures**

/s/
_____          _____
William F. Julavits                                          Signature Date
Public Arbitrator, Presiding Chairperson

/s/
_____          _____
Patricia A. DeWitt                                          Signature Date
Public Arbitrator

/s/
_____          _____
Eric Howard Kunis                                          Signature Date
Non-Public Arbitrator

<u>August 1, 2012</u>_____
Date of Service (For FINRA Dispute Resolution office use only)

FINRA Dispute Resolution
Arbitration No.  09-03120
Award Page 7 of 7

## ARBITRATION PANEL

| William F. Julavits | - | Public Arbitrator, Presiding Chairperson |
| Patricia A. DeWitt | - | Public Arbitrator |
| Eric Howard Kunis | - | Non-Public Arbitrator |

I, the undersigned Arbitrator, do hereby affirm that I am the individual described herein and who executed this instrument which is my award.

## Concurring Arbitrators' Signatures

William F. Julavits
Public Arbitrator, Presiding Chairperson

1 August 2012

Signature Date

Patricia A. DeWitt
Public Arbitrator

Signature Date

Eric Howard Kunis
Non-Public Arbitrator

Signature Date

Date of Service (For FINRA Dispute Resolution office use only)

FINRA Dispute Resolution
Arbitration No. 09-03120
Award Page 7 of 7

## ARBITRATION PANEL

William F. Julavits          -          Public Arbitrator, Presiding Chairperson
Patricia A. DeWitt           -          Public Arbitrator
Eric Howard Kunis            -          Non-Public Arbitrator

I, the undersigned Arbitrator, do hereby affirm that I am the individual described herein
and who executed this instrument which is my award.

## Concurring Arbitrators' Signatures

_____                    _____
William F. Julavits                                  Signature Date
Public Arbitrator, Presiding Chairperson

_____                    _____
Patricia A. DeWitt                                   Signature Date
Public Arbitrator

_____                    _____
Eric Howard Kunis                                    Signature Date
Non-Public Arbitrator

_____
Date of Service (For FINRA Dispute Resolution office use only)

FINRA Dispute Resolution
Arbitration No. 09-03120
Award Page 7 of 7

## ARBITRATION PANEL

| | | |
|---|---|---|
| William F. Julavits | - | Public Arbitrator, Presiding Chairperson |
| Patricia A. DeWitt | - | Public Arbitrator |
| Eric Howard Kunis | - | Non-Public Arbitrator |

I, the undersigned Arbitrator, do hereby affirm that I am the individual described herein and who executed this instrument which is my award.

### Concurring Arbitrators' Signatures

William F. Julavits
Public Arbitrator, Presiding Chairperson

Signature Date

Patricia A. DeWitt
Public Arbitrator

Signature Date

Eric Howard Kunis
Non-Public Arbitrator

Signature Date

Date of Service (For FINRA Dispute Resolution office use only)