FILED
 2012 Sep-04  PM 10:25
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHER DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **MORGAN KEEGAN & COMPANY, INC.,** | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | **CIVIL ACTION NO. 2:12-cv-02612-RDP** |
| **MUNICIPAL WORKERS COMPENSATION FUND, INC.,** | ) ) ) | **OPPOSED** |
| Respondent. | ) ) | |

## MOTION TO STRIKE PETITION TO CONFIRM

Respondent Municipal Workers Compensation Fund ("MWCF") respectfully submits this motion to strike the filing of Petitioner Morgan Keegan & Company, Inc. ("Morgan Keegan") styled as "Petition for Confirmation of Arbitration Award and for Final Judgment" ("Petition for Confirmation") (Doc. # 1) for failure to comply with the statutory directives and provisions of the Federal Arbitration Act ("FAA"). As explained in more detail *infra*, Morgan Keegan's Petition for Confirmation is fundamentally flawed under the FAA because: (1) it does not include the arbitration agreement between the parties as well as other items required under 9 U.S.C. § 13; and (2) it is not styled as a motion. As a result, Morgan Keegan's Petition for Confirmation is due to be stricken.

**I.    Morgan Keegan's Petition for Confirmation Fails to Comply with the Requirements of the FAA.**

The FAA contains specific requirements for the filing of a motion to confirm an arbitration award, which Morgan Keegan clearly ignored. Section 13 of the FAA provides that the party attempting to confirm an arbitration award must contemporaneously file the arbitration agreement between the parties. That section requires:   "The party moving for an order

confirming . . . an award shall, at the time such order is filed with the clerk for the entry of judgment thereon, also file the following papers with the clerk: (a) The agreement; the selection or appointment, if any, of an additional arbitrator or umpire . . . ." 9 U.S.C. § 13(a). *See also United Cmty. Bank v. Arruarana*, No. 10-248, 2011 WL 2748722, at *2 (W.D.N.C. July 13, 2011) (party moving to confirm award must attach arbitration agreement in order to "show that it is entitled to confirmation of the arbitration award as a matter of law").

On August 2, 2012, Morgan Keegan filed its Petition for Confirmation, attaching only the Arbitration Award as Exhibit 1. *See* Doc. # 1. Morgan Keegan failed to attach the arbitration agreement between Morgan Keegan and MWCF. *See* 9 U.S.C. § 13(a). Morgan Keegan also failed to attach documents demonstrating "the selection or appointment . . . of an additional arbitrator" in the arbitration proceeding, as four (4) additional arbitrators were appointed in the arbitration after the original three (3) arbitrators were appointed and were then later removed or recused themselves. *Id.* Thus, Morgan Keegan has failed to comply with section 13 of the FAA. *See id.*; *see also Arruarana*, 2011 WL 2748722, at *2 ("Without the filings required by § 13 [specifically, the arbitration agreement], the Court is unable to conclude from the record that a valid arbitration agreement and award exist and therefore is unable to determine whether the Petitioner is entitled to a judgment as a matter of law."). As such, Morgan Keegan's Petition facially fails to comply with the FAA's requirements for confirmation of an award and is therefore due to be stricken.

**II.     Morgan Keegan's Petition for Confirmation Is Impermissibly Styled.**

As Morgan Keegan admits in its Response to MWCF's Motion to Dismiss, the party seeking to confirm or vacate an arbitration award must do so by motion. *See* Doc. # 11 at 9. "The statutes and rules do not permit a party to initiate a challenge to an arbitration award [or to move

to confirm that award] by filing a complaint or an 'Application.'" *Interior Finish Contractors Ass'n of Del. Valley v. Drywall Finishers Local Union No. 1955*, 625 F. Supp. 1233, 1240 (E.D. Pa. 1985). However, Morgan Keegan's Petition for Confirmation does not comply with this requirement; it is not styled as a motion, and instead is confusingly designated as a "Petition."

In *Interior Finish Contractors*, the party seeking vacatur of an arbitration award failed to follow the requirement of filing a motion and then tried to enforce the decision in its favor when the other party was flummoxed by his improper procedures and did not timely assert its opposing position. *Id.* The court soundly rejected such a ploy, stating:

> defendant was reasonably and justifiably confused as how to respond to plaintiff's 'Application for Vacation of the Arbitrator's Award' (the 'Application'). The "Application" was not designated as a motion as it should have been. . . . [a]lso, plaintiff's "Application" was not accompanied by a supporting brief as required by . . . the Local Rules . . .

*Id.*

As a result of Morgan Keegan's failure to appropriately designate its Petition for Confirmation as a motion, it is due to be stricken. Alternatively, at the very least, Morgan Keegan should be estopped from relying on its own improperly styled Petition to divest MWCF of its right to assert its position, namely, that the Award is due to be vacated. *See* Doc. # 11 at 6-7.

## **CONCLUSION**

Morgan Keegan's Petition for Confirmation is due to be stricken because: (1) it does not include the arbitration agreement and other documents required by Section 13 of the FAA; and (2) it failed to follow the requirement—acknowledged by Morgan Keegan—that the party moving to confirm an arbitration award must do so by motion. Moreover, Morgan Keegan's actions and its hyper-technical arguments contained in its Response to MWCF's Motion to

Dismiss are cast in a particularly poor light when one considers that Morgan Keegan itself has ignored the formal requirements for seeking confirmation of an arbitration award in the federal court system. Because Morgan Keegan's "Petition to Confirm" is defective under the FAA, it is due to be stricken and the action dismissed.

Respectfully submitted this the 4th day of September, 2012.

> */s/ Page A. Poerschke*
> Page A. Poerschke
> One of the Attorneys for Respondent
> Municipal Workers Compensation Fund, Inc.

**OF COUNSEL:**

Page A. Poerschke
Laura S. Dunning
Rebecca A. Beers
**HASKELL SLAUGHTER**
**YOUNG & REDIKER, LLC**
2001 Park Place, Suite 1400
Birmingham, AL 35203
pap@hsy.com
lsd@hsy.com

Peter J. Mougey
**LEVIN PAPANTONIO THOMAS MITCHELL**
**RAFFERTY & PROCTOR, P.A.**
316 South Baylen Street, Suite 600
Pensacola, FL 32502-5996
pmougey@levinlaw.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have served a copy of the foregoing pleading upon all counsel of record via the Court's CM/ECF electronic filing system this the 4th day of September, 2012.

Peter S. Fruin
Donald F. Winningham III
Maynard Cooper & Gale, P.C.
109 Sixth Avenue, Suite 2400
Regions/Harbert Plaza
Birmingham, AL 35203
pfruin@maynardcooper.com
dwinningham@maynardcooper.com

Terry Weiss, Esq.
George Sullivan, Esq.
Greenberg Traurig, LLP
Terminus 200, 333 Piedmont Road NE, Suite 2500
Atlanta GA  30305

                                                      */s/ Rebecca A. Beers*
                                                      OF COUNSEL